## ANDERSON v. BOARD OF COM'RS OF PITTSBURG COUNTY.

No. 18771.   Opinion Filed Dec. 31, 1928.

Hulsey & Hulsey, for plaintiff in error.

W. E. Gotcher and Robert J. Bell, for defendant in error.

HERR, C. This appeal is brought here by plaintiff from a judgment rendered against him in the district court of Pittsburg county upon sustaining a demurrer to his petition.

Plaintiff is sheriff of said county. The action is to recover the sum of $425.40 mileage earned by him in serving civil process. This mileage is claimed under the provision of section 6337, C. O. S. 1921.

The allegations of the petition are that the mileage was earned by him in the service of civil process issued out of the county and district courts of Pittsburg county; that the same was properly charged as costs in the various cases; that the same was collected by the court clerk and by him transmitted to the county treasurer of said county and that said fund is now in the hands and possession of said treasurer; that he presented his claim therefor to the board of county commissioners of said county; that the same was by said board disallowed for the reason that the estimate made by the county commissioners and excise board for the payment of such mileage had become exhausted and that the estimate made therefor was insufficient.

Defendant seeks to sustain the judgment under article 10, sec. 26, of the Constitution, which provides:

"No county. city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose. * * *"

We think, however, this case is ruled by the case of Smart, Sheriff, v. Board of Com'rs of Craig County, 67 Okla. 141, 169 Pac. 1101. It is there said:

300

"Moneys lawfully expended by a sheriff in the feeding of prisoners and fees earned by him in the discharge of his duties imposed upon him by the Constitution and laws of the state constitute a valid charge against the county, and are not within the limitations imposed upon the county by section 26, art. 10 (section 291, Wms.' Anno.), Constitution."

The reasoning applied in that case applies with equal force to the case at bar. Following the rule therein announced, we hold that the trial court erred in sustaining the demurrer to the petition.

Judgment should be reversed, and the cause remanded, with directions to overrule the demurrer and for further proceedings not inconsistent with the views here expressed.

JEFFREY, DIFFENDAFFER, FOSTER, and REID, Commissioners, concur.

By the Court: It is so ordered.